**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ALEXANDER N. PENN, ) | CASE NO.    1:07cv3536 |
| ) | (1:06 CR14) |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

On November 13, 2007, Petitioner Alexander Penn filed a pro se motion under 28 U.S.C. § 2255 ("Motion") to vacate, set aside or correct his sentence. On June 11, 2008, Respondent United States of America filed a response in opposition to the Motion. For the following reasons, the Court DENIES Petitioner's Motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted on January 5, 2006, as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A superseding indictment was filed on April 24, 2006, charging Petitioner with an additional count of possession of a firearm, also in violation of 18 U.S.C. § 922(g)(1).

Petitioner's criminal history includes three crimes of violence, set forth in the attachments to the Government's Response in Opposition to Petitioner's Motion. Those convictions are as follows:

- attempted robbery, entered against Petitioner in the Cuyahoga County Court of Common Pleas on July 13, 1994 (Doc 35-2);

1

- a separate count of attempted robbery entered against Petitioner in the Cuyahoga County Court of Common Pleas on the same day, July 13, 1994 (Doc. 35-3);

- robbery with a repeat violence specification, entered against Petitioner in the Cuyahoga County Court of Common Pleas on April 22, 1997 (Doc. 35-4).

On May 1, 2006, Petitioner, with counsel, pled not-guilty. On June 26, 2006, Petitioner, with counsel and pursuant to a plea agreement, changed his not-guilty plea to a plea of guilty with respect to Count One of the Superseding Indictment. Pursuant to the plea agreement, Count Two was to be dismissed at sentencing. On October 18, 2006, this Court dismissed Count Two of the Superseding Indictment and the original indictment upon motion of the United States and sentenced Petitioner to 108 months imprisonment with 5 years supervised release pursuant to the Sentencing Reform Act of 1984 as to Count One of the Superseding Indictment.

On November 13, 2007, Petitioner filed a timely motion under 28 U.S.C. § 2255 with this Court.

In his § 2255 motion, Petitioner raises the following grounds for relief:

**A. Ground One:** Petitioner was denied effective assistance of counsel where his attorney failed to research his prior Ohio state conviction for aiding and abetting illegal conveyance into a detention facility and to argue that it did not constitute a serious drug offense for enhancement purposes under the Armed Career Criminal Act.

**B. Ground Two:** Petitioner's guilty plea was illusory where terms required him to plead guilty to being a felon in possession of a firearm in exchange for the dismissal of Count Two which lists four prior convictions used for 924(e) enhancements, where those offenses were still used to enhance Petitioner's sentence under the ACCA.

**C. Ground Three:** Petitioner is entitled to resentencing, where counsel failed to argue that his prior convictions for attempted robbery did not fall within the statutory definition of a violent felony for purposes of sentencing under the ACCA.

      **D. Ground Four:** Petitioner's conviction is constitutionally infirm where the requirements of § 922(g)(1) as applied failed to establish that his conduct substantially affected interstate commerce.

## II. APPLICABLE LAW

Under 28 U.S.C. § 2255, a federal inmate is provided with a means of collaterally attacking his conviction or sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Section 2255 sets forth four grounds upon which federal prisoners may challenge their conviction or sentence: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Motions to vacate, set aside or correct a sentence pursuant to § 2255 must be filed in the trial court that sentenced the prisoner. 28 U.S.C. § 2255(a); *Gregory*, 181 F.3d at 714.

A petitioner seeking to vacate, set aside or correct a sentence under § 2255 has the burden of sustaining his contention by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980). In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude occurred that had a substantial and injurious effect or influence on the proceedings. *McNeil v. United States*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999) (citing *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)). In order to prevail on a § 2255 motion alleging non-constitutional error, the petitioner

must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).  Non-constitutional errors are generally not cognizable on collateral review.  *McNeil*, 72 F. Supp. 2d at 805 (citing *Grant v. United* States, 72 F.3d 503, 506 (6th Cir. 1996).  Accordingly, courts rarely grant relief with respect to non-constitutional errors.  *Id.*

A guilty plea by a petitioner "'forecloses his ability to raise any constitutional claims arising prior to its entry.'"  *McNeil*, 72 F. Supp. 2d at 808 (quoting *Lane v. United States*, 65 F. Supp. 2d 587, 589 (E.D. Mich. 1999)). When a petitioner seeks to challenge his sentence, the inquiry focuses on whether the petitioner made a voluntary and informed plea, not on whether a constitutional infirmity existed prior to the plea.  *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).  A guilty plea by the petitioner acts as a break in the chain of events in a criminal proceeding.  *Id.* at 267.  Once a criminal defendant admits in open court that he is guilty of the charged offenses, the only avenue available for him to attack his guilty plea is to prove the ineffective assistance of his counsel.  *Id.*

**A. Ineffective Assistance of Counsel Claim**

The Sixth Circuit has held that ineffective assistance of counsel claims are subject to review in the district court when timely raised in a petitioner's § 2255 motion.  *Hughes v. United States*, 258 F.3d 453, 457 n.2 (6th Cir. 2001).  In order to prevail on this type of claim, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced Petitioner's defense so as to deprive him of his right to a fair trial.  *Strickland v. Washington*, 466 U.S. 668 (1984).

4

To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Court scrutiny of defense counsel's performance must be "highly deferential." *Id.* at 689. Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Id*. (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Smith v. Jago*, 888 F.2d 399, 404 (6th Cir. 1989)). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).

Here, Petitioner states two grounds for his ineffective assistance of counsel claim. First, Petitioner claims that he was denied the effective assistance of counsel because his counsel failed to research and argue that his prior conviction for aiding and abetting illegal conveyance into a detention facility did not constitute a serious drug offense for enhancement purposes under the Armed Career Criminal Act. Second, Petitioner claims that his counsel failed to argue that his prior convictions for attempted robbery did not fall within the statutory definition of a violent felony for enhancement purposes under the Armed Career Criminal Act.

Under 18 U.S.C. § 924(e)(1), a person is an armed career criminal if he violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug

5

offense, or both . . ." A violent felony includes "any crime punishable by imprisonment for a term exceeding one year." Title 18, U.S.C. 924(e)(2)(B). Petitioner had three previous convictions for violent felonies, as set forth above and in the judgment entries attached to the Government's Response in Opposition to Petitioner's Motion. (Docs. 35-2 – 35-4).

While Petitioner argues that his conviction for aiding and abetting the illegal conveyance of drugs into a dentition facility is not a crime of violence, the Court finds that this in no way affects its analysis regarding Petitioner's career offender status. Regardless of this aiding and abetting conviction, Petitioner has been convicted of three crimes of violence in Cuyahoga County, as robbery is specifically identified in the sentencing guidelines as a crime of violence. *See United States v. Wood*, 209 F.3d 847, 849 (6th Cir. 2000); *United States v. Wilson*, 168 F.3d 916, 927 (6th Cir. 1999).

Any argument that counsel was ineffective in failing to raise the argument that the aiding and abetting conviction was not a crime of violence is without merit. The three prior robbery convictions are sufficient for Petitioner to be designated an armed career criminal.

**B. Illusory Guilty Plea Claim**

Petitioner next asserts that he pled guilty to Count 1 of the indictment with the understanding that Count 2 would be dismissed at sentencing. He claims that the four prior offenses listed in Count 2 were used to enhance his sentence under 18 U.S.C. § 924(e)(1) in violation of this agreement and therefore his guilty plea was illusory. However, Petitioner's argument fails because the four prior offenses were included in both Count 1 and Count 2 of the indictment. Count 1 specifically listed the four prior convictions of Petitioner, and charged that Petitioner, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1). Count

6

2 charged the same violation of 18 U.S.C. § 922(g)(1) with the same prior convictions, but alleged possession of a different firearm.

Petitioner's guilty plea was not illusory, and this argument is without merit. Petitioner pled guilty to Count 1 which included the four prior convictions. Count 2 was properly dismissed by the Court and only Count 1 was taken into account during the sentencing hearing.

### C. Constitutionally Infirm Conviction

Petitioner's final argument is that the government failed to prove that Petitioner's actions affected interstate commerce. Petitioner claims that his possession of a firearm, without proof that he actually transported the weapon in interstate commerce, is not sufficient to prove that his actions affected interstate commerce.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year . . . to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." In order to convict Petitioner under 18 U.S.C. § 922(g)(1), "'the Government must prove the following three elements: (1) that the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) that the firearm had traveled in or affected interstate commerce.'" *United States v. Walker*, 160 F.3d 1078, 1087 (6th Cir. 1998) (quoting *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir.1998)) (internal quotation marks omitted).

The government met this burden by showing that the firearm listed in Count 1 of the indictment was manufactured in Russia and shipped to Texas, and that the ammunition was manufactured in Illinois. (Doc. 35-5). Therefore, Petitioner's argument fails.

### III. CONCLUSION

For the reasons set forth herein, Petitioner has failed to demonstrate any error in the prior proceedings. Petitioner's § 2255 motion, therefore, is not well taken and is hereby DENIED.

IT IS SO ORDERED.

DATE: February 27, 2009           *s/ Judge John R. Adams*
                                                  JUDGE JOHN R. ADAMS
                                                  UNITED STATES DISTRICT COURT