ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:06CR14 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| ALEXANDER N. PENN, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Alexander Penn's *pro se* motion for compassionate release. Doc. 122.   Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to

> consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).[1]

> The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. District courts are encouraged to be explicit and particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024)(citations and quotations omitted).

Penn's motion is denied because he has failed to demonstrate that extraordinary and compelling circumstances exist. Penn's primary arguments focus upon his belief that his *prior* sentence that included an Armed Career Criminal enhancement would be different under current law. Notably, Penn sought to advance this argument through a successive § 2255 petition, and the Sixth Circuit rejected his arguments. Doc. 121. However, even if the Court were to consider Penn's arguments, they are not relevant to his *current* sentence. Penn was sentenced to 60 months incarceration by this Court for violations of his supervised release. As such, arguments about his previous term of imprisonment cannot serve as a basis to find extraordinary and compelling

---

[1] The sentencing commission has since clarified that § 1B1.13 is in fact applicable to applications filed by prisoners.

2

circumstances.

Based upon the above, Penn's motion for compassionate release is DENIED.

IT IS SO ORDERED.

October 30, 2024 /s/*John R. Adams*
Date  JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE